AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
### for the
### District of New Mexico

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 03 2022

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

ELVINA BITSILLY

Case No. 22-MR-348

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See attachment A

located in the _____ District of ___ New Mexico ___, there is now concealed *(identify the person or describe the property to be seized)*:

See attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18 §1153 | Offenses Committed Within Indian Country |
| Title 18 §1111 | Murder |

The application is based on these facts:
See attached affidavit that was approved by Supervisory AUSA Kyle Nayback

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Curtis Imming, Special Agent, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
Telephonically sworn and electronically signed *(specify reliable electronic means)*.

Date: March 3, 2022

*Judge's signature*

City and state: Farmington, New Mexico

B. Paul Briones, US Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN THE MATTER OF THE SEARCH OF
ELVINA BITSILLY

Case No. 22-MR-348

AFFIDAVIT IN SUPPORT OF

AN APPLICATION FOR A SEARCH WARRANT

I, Curtis Imming, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I am a Special Agent with the FBI and have been so employed since July 2014. I am currently assigned to the Albuquerque Field Office, Gallup Resident Agency. My primary duties as a Special Agent with the FBI include investigating federal crimes occurring within our jurisdiction, violent crimes, assaults, homicide, and crimes occurring within the Federally recognized Indian territories. I have gained experience in the conduct of such investigations through previous case investigations, formal training, and in consultation with law enforcement partners in local, state and federal law enforcement agencies. As a Federal Agent, I am authorized to investigate violations of the laws of the United States and have authority to execute criminal complaints and search warrants issued under the authority of the United States.

2.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. Throughout this affidavit, reference will be made to law enforcement officers. Law enforcement officers are those federal, state, and local law

1

enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation.

3. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search ELVINA BITSILLY, hereafter referred to as the "BITSILLY" to collect DNA evidence from BITSILLY, wherever she is found. As of this date, BITSILLY is currently in custody on unrelated charges at McKinley County Adult Detention Facility, Gallup, New Mexico.

4. A more detailed description and photograph of BITSILLY is contained within Attachment A, which has been attached hereto and incorporated herein for reference. Your Affiant has set forth only the facts believed to be necessary to establish probable cause to believe that violations of United States Code Title 18 §1153 – Offenses Committed Within Indian Country and § 1111 – Murder were committed by BITSILLY. There is also probable cause to search BITSILLY for evidence as further described in Attachment B.

## PROBABLE CAUSE

5. On December 6, 2021, FBI Albuquerque, Gallup Resident Agency (GRA) was contacted by Zuni Police Department (ZPD) Criminal Investigations regarding a body found that morning on a dirt road in Zuni Pueblo. Upon response to the scene, FBI AQ, GRA identified a female lying on the ground in the roadway. The female, later identified as H.N. (hereinafter referred to as JANE DOE), YOB 2002, was fully dressed, bound by tape from her arms up to her mouth where she was gagged by what appeared to be a bandanna before her mouth being taped. Blood was identified on the ground and side of JANE DOE's body.

6. A search of the scene revealed on empty 9mm casing and a roll of clear tape on the ground next to JANE DOE. Additionally, an empty alcoholic beverage can, unknown footprints,

and tire tracks believed to be from the vehicle used to transport JANE DOE were identified, collected, and documented.

7. On December 8, 2021, FBI AQ, GRA received preliminary results from the New Mexico Office of the Medical Investigator (OMI). OMI provided JANE DOE had one gunshot wound beneath her right eye which was the cause of death. The round exited out the back of her neck on the right. OMI was able to recover fragments of the round.

8. Prior to JANE DOE being found deceased on December 6, 2021, FBI AQ, GRA was aware of the homicide of R.S. (hereinafter referred to as JOHN DOE), YOB Unknown, which took place in Gallup, New Mexico on December 3, 2021. It was identified by Gallup Police Department (GPD) that JANE DOE was interviewed by GPD as a witness in JOHN DOE's homicide. Furthermore, GPD had a suspect, A.Y. (hereinafter referred to as WITNESS 1), YOB 1994, in custody who was later interviewed by FBI AQ, GRA.

9. On December 10, 2021, FBI AQ, GRA interviewed WITNESS 1. WITNESS 1 provided she was not involved in the death of JANE DOE, however, JANE DOE dated B.B. (hereinafter referred to as WITNESS 2), YOB 1989 and WITNESS 2 hung out around the Ranchito Motel. Furthermore, the last person JANE DOE was with was WITNESS 2.

10. WITNESS 2 also hung out with "PUTA CHAR" later identified as C.H. (hereinafter referred to as WITNESS 3), YOB 1984. WITNESS 1 said a lot of people were scared of WITNESS 2.

11. On December 16, 2021, FBI AQ, GRA interviewed WITNESS 2. WITNESS 2 used to date JANE DOE but they got into an argument and the last time WITNESS 2 saw JANE DOE was the evening of December 4, 2021 as she was leaving the Ranchito Motel after the argument. JANE DOE used to carry a black 9mm handgun and she told WITNESS 2 she carried it for

protection. WITNESS 2 didn't know what happened to JANE DOE.

12. WITNESS 2 was sharing a room with T.L. (hereinafter referred to as WITNESS 4), YOB 1984 and on December 16, 2021 FBI AQ, GRA interviewed WITNESS 4. WITNESS 4 had been dating WITNESS 2 off and on for a couple of weeks and WITNESS 2 cheated on WITNESS 4 with JANE DOE. WITNESS 4 didn't know what happened to JANE DOE and she didn't hear anyone speak about it. JANE DOE was a prostitute and sold herself for drugs.

13. WITNESS 4 had two sons, one was 15 years old and the other was 17 years old. The 15-year-old, identified as A.B. (hereinafter referred to as WITNESS 5), YOB Unknown, was dating BITSILLY. BITSILLY might have been 35 years old (BITSILLY's YOB is 1988).

14. BITSILLY was staying at the Ranchito Motel as well and on December 16, 2021, FBI AQ, GRA interviewed BITSILLY. BITSILLY was driving, and interviewed, on the hood of a black Chevrolet truck (later identified as the vehicle used to transport JANE DOE to Zuni Pueblo on the day she was killed). BITSILLY would only see JANE DOE when she was with WITNESS 2. Additionally, JANE DOE went with WITNESS 3 to Albuquerque when WITNESS 2 was in the hospital. WITNESS 3 had beef with everyone and WITNESS 3's relationship with JANE DOE had recently changed and they were no longer friendly with each other. BITSILLY didn't know why the relationship changed.

15. On January 3, 2022, FBI AQ, GRA attempted to interview WITNESS 3. WITNESS 3 was in custody at the McKinley County Adult Correction Facility on unrelated charges. WITNESS 3 refused to speak and requested a lawyer.

16. On January 6, 2022, FBI AQ, GRA interviewed JANE DOE's father, C.N. (hereinafter referred to as WITNESS 6), YOB Unknown. WITNESS 6 provided that on January 5, 2022, while WITNESS 6 was in the parking lot of his place of employment, WITNESS 6 was

approached by a male and told that WITNESS 3 was involved in JANE DOE's death. Additionally, D.H. (hereinafter referred to as WITNESS 7), YOB 1967, was the last person to see JANE DOE alive.

17. Then on January 6, 2022, WITNESS 6 was approached by a different male who provided BITSILLY admitted to killing JANE DOE. In both instances WITNESS 6 did not get the names of the individuals providing the information.

18. On January 26, 2022, FBI AQ, GRA interviewed WITNESS 7. WITNESS 7 provided that on a Sunday evening around 10:40 to 11:15 p.m. he was walking with his friend TESSA. They traveled to the Allsups Store located at 112 Arnold St, Gallup, New Mexico and ran into JANE DOE there. WITNESS 7 went into the store and JANE DOE stayed outside. When WITNESS 7 came back out JANE DOE was gone.

19. TESSA told WITNESS 7 that BITSILLY and WITNESS 3 were in the vehicle and BITSILLY got out of the vehicle, cussed JANE DOE out, and told her to get into the vehicle. The incident was possibly the evening of December 5, 2021.

20. WITNESS 7 later heard that BITSILLY was telling people she shot or stabbed JANE DOE.

21. On February 9, 2022, FBI AQ Evidence Control Room (ECR) Sent evidence collected during the course of the investigation to the FBI Laboratory to be examined for additional DNA evidence. It is anticipated that the results of the examination will provide information as to additional individuals present at the time JANE DOE was killed.

22. In my training and experience, I know that if there is no sample to compare the unknown DNA evidence to, then the laboratory may not be able to make a positive identification. The DNA evidence collected from BITSILLY may help the laboratory in identifying the unknown

DNA collected at the scene.

## JURISDICTIONAL STATEMENT

23. The location of where JANE DOE was found is within the boundaries of the Zuni Pueblo, which is Indian Country in the District of New Mexico. JANE DOE and BITSILLY are enrolled members of the Navajo Nation.

## CONCLUSION

24. Based upon the information contained herein, your affiant believes that there is probable cause to search BITSILLY, described in Attachment A, for the items described in Attachment B, which are evidence, fruits, and/or instrumentalities of, or property, used in violations of 18 U.S.C. §1153 offenses committed within Indian country and §1111 – Murder by BITSILLY. It is further believed that obtaining the DNA from BITSILLY will help in identifying her involvement in the murder of JANE DOE.

25. Assistant United States Attorney Kyle Nayback has reviewed and approved this affidavit for legal sufficiency in support of an application for a search warrant.

Respectfully submitted,

Curtis Imming
Special Agent
Federal Bureau of Investigation

Telephonically SUBSCRIBED and SWORN to before me this 3 day of March 2022.

B. Paul Briones
United States Magistrate Judge

6

## ATTACHMENT A

## Person to Be Searched

The person of ELVINA BITISLLY Year of Birth 1988, wherever found.



## ATTACHMENT B

### Particular Things to be Seized

1. DNA evidence in the form of saliva with a buccal swab and blood with a finger prick, along with a known head hear sample consisting of twenty-five (25) full-length hairs from all areas of the scalp from ELVINA BITSILLY.